```
1  BRIAN A. VOGEL, SBN 167493
   brian@bvogel.com
2  THE LAW OFFICES OF BRIAN A. VOGEL, PC
   770 County Square Dr., Ste. 104
3  Ventura, CA 93003
   Telephone: (805) 654-0400
4  Facsimile: (805) 654-0326

5  DAVID S. McLANE, SBN 124952
   dmclane@kmbllp.com
6  KAYE, McLANE & BEDNARSKI, LLP
   234 East Colorado Boulevard, Suite 230
7  Pasadena, California 91101
   Telephone: (626) 844-7660
8  Facsimile: (626) 844-7670

9
   Attorneys for Plaintiff C.R., a Minor,
10 by and through his G.A.L. and Mother,
   Gwendalyn Reid, and Gwendalyn Reid,
11 an individual
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R. [name redacted], A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM AND MOTHER, GWENDALYN REID, and GWENDALYN REID, an individual,<br><br>Plaintiffs,<br>vs.<br><br>THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S OFFICE, (FORMER) VENTURA COUNTY SHERIFF BOB BROOKS, an individual, DEPUTY J. MCGRATH, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 11-07911-PA(PJW)<br><br>**PETITION FOR APPROVAL OF COMPROMISE OF MINOR'S CLAIM; DECLARATIONS OF BRIAN A. VOGEL; DAVID S. McLANE; GWENDALYN REID**<br><br>[PROPOSED ORDERS AND REQUEST FOR ORDER SHORTENING TIME FILED CONCURRENTLY HEREWITH]<br><br>Date Requested: April 16, 2012<br>Time: 1:30 p.m<br>Courtroom 15, Spring Street Level, United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012 |

**PLEASE TAKE NOTICE THAT** Petitioner and Plaintiff, C.R, by and through his Guardian ad Litem, Gwendalyn Reid, and Gwendalyn Reid, on her

individual behalf, hereby move to Petition the Court for Approval of Compromise of the Claim asserted on behalf of the C.R., a minor, and Gwendalyn Reid. The Petitioner respectfully requests that the Petition be heard on April 16, 2012, at 1:30 p.m., before the Honorable Percy Anderson, in Courtroom 15, Spring Street Level, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012.

Petitioner requests that if the Court requires the presence of Guardian ad Litem Gwendalyn Reid, that she be able to do it telephonically from her home in Oak View, California, near Ojai, California.

Defendants and all parties have conferred and agreed that this Petition for a Compromise of a Minor requires the Court's approval.

This Petition for Approval of Compromise of a Minor's claim is based on this Petition, the attached declarations, the accompanying proposed order, all pleadings and papers on file herein, and such other and further matters as the Court deems necessary or appropriate to resolution herein.

Respectfully submitted,

KAYE, McLANE & BEDNARSKI, LLP

Dated: April 2, 2012     By: _____/S/_____
                              DAVID S. McLANE
                              Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The parties have reached a settlement of this case for $24,900.00, inclusive of attorneys' fees and costs of litigation. After careful consideration, C.R., by and through his Guardian ad Litem, and mother Gwendalyn Reid, Gwendalyn Reid, based on her individual claims, agreed that it was in the best interest of Plaintiffs to resolve this matter and avoid the unpredictability of trial. The Defendants, represented by counsel, agreed to this offer also to resolve this matter without expending substantial costs and attorneys' fees.

As Plaintiff C.R. is a minor, the disbursements of the funds are subject to approval by the Court. The parties agree to the amount of the settlement, and request approval by the Court. As discussed below, Plaintiff requests the specific disbursement as described below.

Further, the parties request that the Court approve: 1) that the individual defendants will be dismissed with prejudice, 2) and approve the settlement amount of $24,900.00 to be disbursed as discussed below.

**1. GOOD CAUSE EXIST TO APPROVE THIS MINOR'S COMPROMISE.**

**A.   COMPROMISE OF CIVIL RIGHTS DAMAGE CLAIMS.**

Plaintiff is represented by David S. McLane and Brian A. Vogel. The Plaintiffs are C.R., a minor, by and through his Guardian ad Litem and mother, Gwendalyn Reid, and Gwendalyn Reid, an individual. C.R. resides with his mother in Oak View, California.

B. **PERTINENT FACTS SUPPORTING THE MINOR'S COMPROMISE.**

This case was recently filed on September 28, 2011. Service was effected on January 25, 2012, and the answer was filed on February 21, 2012. Since that time, the parties have engaged in settlement negotiations, in an effort to resolve the case on agreeable terms without the expenditure of substantial resources. The parties have now settled the matter on satisfactory terms.

It was the intention of Plaintiffs's lawsuit to seek compensation for damages resulting from violation of their constitutional rights. Plaintiff C.R. alleges civil rights violations based on Violation of Civil Rights, 42 U.S.C. § 1983; Failure to Train, Supervise Causing Constitutional Violation, 42 U.S.C. § 1983; and General Negligence. Plaintiff requested damages for her loss of quality of life, general and compensatory damages; special damages; exemplary and punitive damages; and costs of suit and reasonable attorneys' fees permitted pursuant to 42 U.S.C., §1988. Plaintiff Gwendalyn Reid alleges civil rights and state law claims based on the failure of the Sheriff's department to allow her to direct medical care for C.R.

Plaintiff was born on October 8, 1995. On September 28, 2010, the police were called by Gwendalyn Reid, concerning a disturbance at her house involving C.R. C.R. has emotional problems, and ADHD disorder. He was taking prescribed medication, and prior to the incident, was given unprescribed Xanax by a friend which triggered the altercation with his mother on September 28, 2010. C.R. became agitated, and Gwendalyn Reid, concerned with her son's well-being, called the police. The police responded, and what happened after is the subject of this litigation.

C.R. was unarmed, and approached the police. The plaintiffs contend, and the defendants dispute, that plaintiff was tased, and then forcibly resisted to the ground without justification. Defendants contend and plaintiffs dispute that Plaintiff C.R.'s violent and assaultive behavior prior to and during his contact with

4

police justified the quantum of force used against him. C.R. was moving on the ground as a result of being tased, and plaintiffs contend, and defendants dispute, that without justification and with excessive force, the defendant sheriff deputies proceeded to break one shoulder and then his second shoulder. With respect to Gwendalyn Reid, she witnessed this incident, and later at the hospital contends she was deprived of contact with her child, and deprived of her constitutional rights to direct the care of her child. Since this incident, both C.R. and Gwendalyn Reid have suffered emotional distress, and C.R. has had shoulder problems. The Defendants dispute these allegations.

Since there are substantial issues of liability, factually and legally, and damages are not significant, the parties agree to settle the matter, and Plaintiffs agree to the terms of the settlement.

**C.   TERMS OF THE SETTLEMENT.**

The parties agree to the following terms of the settlement: the Plaintiffs have executed a release of all claims against the Defendants. In return, the Defendants will pay Plaintiffs $24,900.00, inclusive of costs and attorneys fees.

**D.   DISBURSEMENT OF SETTLEMENT FUNDS.**

The costs, set forth in the declaration of Brian A. Vogel, are as follows:

1. Filing fee: $350.00
2. Investigation: $1,000.00
3. Dr. Kay Emerick: Psychological Evaluation of C.R.: $2,000.00
4. VCMC medical records and x-rays: $86.03
5. Joslin Consulting Cell phone Analysis: $99.00
6. Healthport: $63.61
7. FedEx courtesy copy delivery fee: $47.79

The total costs are $3,646.43.

Subtracted from the total settlement, that leaves an amount of $21,253.57 to be divided between C.R. and Gwendalyn Reid. Based on the fact that Gwendalyn Reid has paid additional costs for the care of C.R. to recover from his injuries, and is his guardian and source of support as C.R. lives at home, the parties agreed that a fair division of the money is sixty (60%) to Gwendalyn Reid, and forty (40%) to C.R. The break down is that, prior to attorneys' fees, that $12,752.14 would go to Gwendalyn Reid, and $8,501.43 would go to C.R.

California courts will award more than 25% in cases involving "a minor or disabled person's recovery" only upon a showing of good cause. (Cal. Practice Guide: Personal Injury (The Rutter Group 2011) § 4.527.1). Here, Plaintiffs' attorneys have reduced their fee to 25% of C.R's recovery, even though their retainer entitles them to 40%. With respect to Gwendalyn Reid, Plaintiffs' attorneys' retainer fee entitles them to 40%. Accordingly, following attorneys' fees and disbursements will be made:

- attorneys' fees for Gwendalyn Reid's share (40%): $5,100.86
- attorneys' fees for C.R.'s share (25%): $2,125.36
- total attorney's fees: $7,226.22
- Gwendalyn Reid's share: $7,651.28
- C.R.'s share: $6,376.07

As set forth in the declaration of Brian Vogel, the plaintiff's attorneys fees at $500.00 an hour far exceeded the amount of attorneys' fees recovered, for investigation, consultation with Plaintiffs, and for preparation of the complaint. Due to the uncertainties of liability, all parties believe this settlement is just and fair, and request that the Court enter the proposed order.

Plaintiffs further request that the court sign the attached order to deposit money into a blocked account for the benefit of C.R., a minor. As set forth in the declaration of Brian Vogel, the local bank where Plaintiffs bank will not open the

blocked account until such an order is signed. Accordingly, Plaintiffs request that the court sign the order and further order the defendants to deposit the amount of $6,376.07 into the blocked account within thirty days of receiving written notice from Plaintiff C.R.'s counsel that the account has been opened and is available to receive funds.

                              Respectfully submitted,

                              KAYE, McLANE & BEDNARSKI, LLP

Dated: April 2, 2012        By:_____/S/_____
                                     DAVID S. McLANE
                                     Attorneys for Plaintiffs

# DECLARATION OF BRIAN A. VOGEL

I, Brian A. Vogel, hereby state and declare as follows:

1. I am an attorney duly licensed to practice in the State of California, and I have been retained by Gwendalyn Reid, guardian ad litem, to represent C.R. in this lawsuit.

2. The costs that have been incurred to date in this litigation is as follows:

   a. Filing fee: $350.00

   b. Investigation: $1,000.00

   c. Dr. Kay Emerick: Psychological Evaluation of C.R.: $2,000.00

   d. VCMC medical records and x-rays: $86.03

   e. Joslin Consulting Cell phone Analysis: $99.00

   f. Healthport: $63.61

   g. FedEx courtesy copy delivery fee: $47.79

   The total costs are $3,646.43.

3. The case has been settled for $24,900.00, which is a reasonable settlement for the physical and emotional injuries suffered by C.R., and the emotional injuries, and out of pocket costs incurred by Gwendalyn Reid. Gwendalyn Reid's out of pocket costs include medical bills not covered by insurance, physical therapy, prescription medications, and time missed from work.

4. Subtracted from the total settlement, that leaves an amount of $21,253.57 to be divided between C.R. and Gwendalyn Reid. Based on the fact that Gwendalyn Reid has paid additional costs for the care of C.R. to recover from his injuries, and is his guardian and source of support as C.R. lives at home, the parties agreed that a fair division of the money is sixty (60%) to Gwendalyn Reid,

and forty (40%) to C.R. The break down is that, prior to attorneys' fees, that $12,752.14 would go to Gwendalyn Reid, and $8,501.43 would go to C.R.

5. I understand that prior to drafting this motion, Mr. McLane has put in 24.8 hours at $500.00 an hour, which computes to $12,400.00. I have put in 104.6 hours at $500.00 an hour, which computes to $52,300. I have spent these hours drafting and researching the complaint, investigating the case, obtaining records, consulting experts, and meeting with our clients. Thus, each of our fees far exceed the total amount of attorneys' fees in this case.

6. With respect to the breakdown of disbursements from the $24,900.00 settlement, the costs of $3,646.43 subtracted from $24,900.00 equals $21,253.57 to be divided between C.R. and Gwendalyn Reid. Based on the fact that Gwendalyn Reid has paid additional costs for the care of C.R., to recover for his injuries, and is his guardian and source of support as C.R. lives at home, the parties agreed that a fair division of the money is sixty (60%) to Gwendalyn Reid, and forty (40%) to C.R. The break down is that, prior to attorneys' fees, $12,752.14 would go to Gwendalyn Reid, and $8,501.43 would go to C.R.

7. With respect to the disbursement of the settlement, my retainer, along with co-counsel Dave McLane's retainer, with C.R. on my behalf, and Gwendalyn Reid on Dave McLane's behalf, requires 40% attorneys' fees, plus costs. Because C.R. is a minor, California courts will award more than 25% in cases only upon a showing of good cause (Cal. Practice Guide: Personal Injury (The Rutter Group 2011) § 4.527.1), we have agreed to only take 25% of C.R.'s recovery, and 40% of Gwendalyn Reid's recovery.

- attorneys' fees for Gwendalyn Reid's share (40%): $5,100.86
- attorneys' fees for C.R.'s share (25%): $2,125,36
- total attorney's fees: $7,226.22
- Gwendalyn Reid's share: $7,651.28

- C.R.'s share: $6,376.07

8. On March 27, 2012, I gave my client, C.R., a copy of the settlement agreement, this petition and the attached declarations, and I carefully explained the division of proceeds of the settlement to him. I explained the bases for all of the claims for damages in the complaint as well as the potential defenses set forth in the answer. He agreed that it was fair to award his mother Gwendolyn 60% of the proceeds of the settlement because she paid for a substantial portion of his care and treatment out of her pocket and she continues to support him, provide him with transportation and takes care of him. C.R. also agreed that the attorney's fees and costs were reasonable.

9. On March 27, 2012, I was informed by Plaintiff Gwendolyn Reid, the mother of C.R., that the local bank where they have accounts, i.e. Rabobank located at 410 Ventura Avenue Oak View, CA 93022, phone: (805) 649-4047, will not open a blocked account for a minor until they receive a signed court order such as the one attached hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 2, 2012          By _____
                                    BRIAN A. VOGEL

**THE LAW OFFICES OF BRIAN A. VOGEL, PC**
**GENERAL ACCOUNT**
770 COUNTY SQUARE DRIVE, SUITE 104
VENTURA, CA 93003
(805) 654-0400

PACIFIC CAPITAL BANK, NA
VENTURA, CA 93003
90-2059/1222

2569

4/25/2011

PAY TO THE ORDER OF: Dr. Katherine Emerick        $ **2,000.00

Two Thousand and 00/100************************************************************************ DOLLARS

Dr. Katherine Emerick

*Brian Vogel*

MEMO: Retainer - Christian Reid eval

⑈002569⑈ ⑆122220593⑆ 010219748011⑈

---

THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT                    2569
    Dr. Katherine Emerick                         4/25/2011
                                                              2,000.00

General Business Che   Retainer - Christian Reid eval                      2,000.00

THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT                    2569
    Dr. Katherine Emerick                         4/25/2011
                                                              2,000.00

**PAYMENT RECORD**

General Business Che   Retainer - Christian Reid eval                      2,000.00

| | | | |
|---|---|---|---|
| THE LAW OFFICES OF BRIAN A. VOGEL, PC<br>GENERAL ACCOUNT<br>770 COUNTY SQUARE DRIVE, SUITE 104<br>VENTURA, CA 93003<br>(805) 654-0400 | | PACIFIC CAPITAL BANK, NA<br>VENTURA, CA 93003<br>90-2059/1222 | 2679<br><br>9/8/2011 |

PAY TO THE ORDER OF: Tony Paradis         $ **1,000.00

One Thousand and 00/100************************************************************************  DOLLARS

Tony Paradis
Investigator

*Brian Vogel*

MEMO  Reid v VCSD Investigation

⑈002679⑈ ⑆122220593⑆ 0102197480⑈

---

| THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT | | 2679 |
|---|---|---|
| Tony Paradis | 9/8/2011 | |
| | | 1,000.00 |
| General Business Che   Reid v VCSD investigation | | 1,000.00 |

| THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT | | 2679 |
|---|---|---|
| Tony Paradis | 9/8/2011 | 1,000.00 |
| General Business Che   Reid v VCSD investigation | | 1,000.00 |

PAYMENT RECORD

```
THE LAW OFFICES OF BRIAN A. VOGEL, PC            PACIFIC CAPITAL BANK, NA            2722
           GENERAL ACCOUNT                          VENTURA, CA 93003
      770 COUNTY SQUARE DRIVE, SUITE 104                90-2059/1222
              VENTURA, CA 93003
                (805) 654-0400                                                   10/13/2011

PAY TO THE   VCMC                                                             $ **30.00
ORDER OF

Thirty and 00/100************************************************************** DOLLARS

   VCMC

                                                          Brian Vogel
MEMO  REID
      Miguel Morillon-Chavez X-RAYS

          ⑆002722⑆ ⑈122220593⑈  0102197480⑈
```

THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT                    2722

VCMC                                          10/13/2011                    30.00

General Business Che   Miguel Morillon-Chavez X-RAYS                       30.00

THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT                    2722

VCMC                                          10/13/2011                    30.00

**PAYMENT RECORD**

General Business Che   Miguel Morillon-Chavez X-RAYS                       30.00

# ALLTIME Online℠

## Check Images

Account: Business Free Checking (xxxxxx7480) | Check Number: 2769 | Date Posted: 11/30/2011 | Amount: $63.61

Zoom In   Zoom Out   Print   Close Window

---

THE LAW OFFICES OF BRIAN A. VOGEL, PC
GENERAL ACCOUNT
770 COUNTY SQUARE DRIVE, SUITE 104
VENTURA, CA 93003
(805) 654-0400

PACIFIC CAPITAL BANK, N.A.
VENTURA, CA 93003
90-2058/1222

2769

11/22/2011

PAY TO THE ORDER OF: HealthPort    $ 63.61

Sixty-Three and 61/100 ************************************************** DOLLARS

HealthPort
P.O. Box 409740
Atlanta, GA 30384-9740

Brian Vogel

Christian Reid medical reports

⑆002769⑆ ⑈122220583⑈ 010219748⑆

---

Santa Barbara Bank & Trust, N.A., Member FDIC.
© 2011 Santa Barbara Bank & Trust, N.A. All rights reserved.

```
THE LAW OFFICES OF BRIAN A. VOGEL, PC              PACIFIC CAPITAL BANK, NA              2451
         GENERAL ACCOUNT                              VENTURA, CA 93003
    770 COUNTY SQUARE DRIVE, SUITE 104                   90-2059/1222
           VENTURA, CA 93003
             (805) 654-0400                                                          12/2/2010

PAY TO THE    HealthPort                                                        $ **56.03
ORDER OF

Fifty-Six and 03/100************************************************************** DOLLARS

    HealthPort

                                                               Brian Vogel

MEMO    VCMC Medical Records for Cjristian Reid
             ⑈002451⑈  ⑆122220593⑇   0102197480⑈
```

| THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT | | 2451 |
|---|---|---|
| HealthPort | 12/2/2010 | |
| | | 56.03 |

| General Business Che   VCMC Medical Records for Cjristian Reid | | 56.03 |
|---|---|---|

| THE LAW OFFICES OF BRIAN A. VOGEL, PC / GENERAL ACCOUNT | | 2451 |
|---|---|---|
| HealthPort | 12/2/2010 | |
| | | 56.03 |

**PAYMENT RECORD**

| General Business Che   VCMC Medical Records for Cjristian Reid | 56.03 |
|---|---|

568525 (8/08)

# ALLTIME*Online*<sup>SM</sup>

## Check Images

Account: Business Free Checking (xxxxxx7480) | Check Number: 2725 | Date Posted: 10/18/2011 | Amount: $99.00

Zoom In    Zoom Out    Print    Close Window

---

**THE LAW OFFICES OF BRIAN A. VOGEL, PC**
**GENERAL ACCOUNT**
770 COUNTY SQUARE DRIVE, SUITE 104
VENTURA, CA 93003
(805) 654-0400

PACIFIC CAPITAL BANK, NA
VENTURA, CA 93003
90-3050/1222

2725

10/18/2011

PAY TO THE ORDER OF   Joslin Consulting                          $ 99.00

Ninety-Nine and 00/100 ******************************************** DOLLARS

Joslin Consulting
2156 Los Feliz Dr.
Thousand Oaks, CA 91362

MEMO: Reid cellphone analysis

⑆002725⑆ ⑈122230593⑈ 010317480⑆

Endorsement:
PAY TO THE ORDER OF
WASHINGTON MUTUAL BANK, FA
WESTLAKE VILLAGE, CA 91361
Y 322271627
FOR DEPOSIT ONLY
STANLEY D. JOSLIN
DBA JOSLIN CONSULTING
5344145555

**Santa Barbara Bank & Trust**, N.A., Member FDIC.
© 2011 Santa Barbara Bank & Trust, N.A. All rights reserved.

Check Images — https://alltimeonline.pacificcapitalbank.com/pcbsb/Accounts/CheckIm...

# ALLTIMEOnline℠

## Check Images

Account: Business Free Checking (xxxxxx7480) | Check Number: 2844 | Date Posted: 2/24/2012 | Amount: $64.29

Zoom In    Zoom Out    Print                                           Close Window

---

**THE LAW OFFICES OF BRIAN A. VOGEL, PC**
**GENERAL ACCOUNT**
770 COUNTY SQUARE DRIVE, SUITE 104
VENTURA, CA 93003
(805) 654-0400

PACIFIC CAPITAL BANK, NA
VENTURA, CA 93003
90-2059/1222

2844

2/22/2012

PAY TO THE ORDER OF: Fedex                                $ **64.29       — 47.79

Sixty-Four and 29/100 ........................................................ DOLLARS

Fedex

022312  005064  317  77942737b

/s/ Brian Vogel

MEMO: All Reid V COV except $16.50 to Lopez V CPP

⑆002844⑆  ⑆122205935⑆  0102187480⑆   /000000064 29/

---

BANK OF AMERICA, N.A. LAC
#1229006011 E0323 94 P12
02/23/12
5568749416

005064  317  022312  568  220  71  CREDIT ACCT OF
77942737b           PAYEE: AEC NFS
0000006429  LOS  **7221**

---

Santa Barbara Bank & Trust, N.A., Member FDIC.
© 2011 Santa Barbara Bank & Trust, N.A. All rights reserved.

47.79

1 of 1                                                                    3/7/2012 2:58 PM

# DECLARATION OF DAVID S. McLANE

I, David S. McLane, hereby state and declare as follows:

1. I have been retained to represent Gwendalyn Reid in her individual capacity in this case.

2. My retainer agreement with Ms. Reid requires that upon any settlement of the lawsuit, that Ms. Reid pay all costs, and 40% of any recovery as attorneys' fees.

3. I have billed, prior to drafting this motion, 24.8 hours on this case. At $500.00 an hour, my fees to date are $12,400.00. I have spent that time consulting with co-counsel, interviewing the client and investigating the case, researching and drafting the complaint and petition for guardian ad litem, conducting strategy over the case, and discussing settlement.

4. I believe the settlement is fair and reasonable in light of the damages to C.R. and Gwendalyn Reid, and the disputed questions of factual and legal liability in the case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 2, 2012           By:_____/S/_____
                                  DAVID S. McLANE

## DECLARATION OF GWENDALYN REID

I, Gwendalyn Reid, hereby state and declare as follows:

1. I am the mother and court appointed guardian ad litem for C.R. I am also an individual plaintiff in this case.

2. I have conferred with counsel about the settlement, as well as my son, and I agree to the settlement and resolution of all claims against all defendants based on the incident involving my son on September 28, 2010.

3. I enter into the settlement knowingly and voluntarily. I have discussed the settlement with C.R., and he understands it and agrees to the settlement and the terms of the settlement. I understand by entering into this settlement, this is the end of all litigation and disputes concerning this matter.

4. I have incurred the following damages in caring for my son since the incident: medical bills not covered by insurance, physical therapy, prescription medications, and time missed from work.

5. I believe that the 25% contingency fee is reasonable and in proportion to the value of the attorneys' services provided on behalf of my son C.R.

6. I agree that it is my son's best interest to have his portion of the settlement, after fees and costs are deducted, (which I understand to be $6307.46), to be deposited into a blocked account until he turns 18.

7. I have reviewed the Petition for Approval of Compromise of Minor's Claim and the accompanying declarations of David McClane and Brian Vogel, I have consulted with them about our claims and defenses, and I agree that the settlement amount, attorneys' fees and costs are reasonable under the circumstances

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge.

Dated: March 14, 2012    By _____
GWENDALYN REID

12